**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ISAAC BEAL,

Plaintiff, CASE NO.: 8:18-cv-01340-EAK-TGW

v.

PMC HOME & AUTO INSURANCE AGENCY, LLC d/b/a PROTECT MY CAR,

Defendant.

_________________________________/

**ANSWER AND AFFIRMATIVE DEFENSES**
**TO COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, PMC Home & Auto Insurance Agency, LLC d/b/a Protect My Car ("PMC"), through the undersigned counsel, files its Answer and Affirmative Defenses to the Complaint, and in support thereof states:

**INTRODUCTION**

1. PMC denies Plaintiff's characterization of the TCPA as contained in Paragraph 1 of the Complaint, and refers to the TCPA and FCC Rulings for their content, meaning, and effect.

2. PMC denies Plaintiff's characterization of the TCPA as contained in Paragraph 2 of the Complaint, and refers to the TCPA, FCC Rulings, and court decisions for their content, meaning, and effect.

3. PMC denies Plaintiff's characterization of the TCPA as contained in Paragraph 3 of the Complaint, and refers to the TCPA, FCC Rulings, and court decisions for their content, meaning, and effect.

4. PMC denies Plaintiff's characterization of the TCPA as contained in Paragraph 4 of the Complaint, and refers to the TCPA, FCC Rulings, and court decisions for their content, meaning, and effect.

**JURISDICTION AND VENUE**

5. PMC admits only that this action involves, in part, the TCPA and thus could invoke the federal question jurisdiction of this Court. PMC denies the truth of the remaining allegations contained in Paragraph 5 of the Complaint.

6. PMC admits only that this action involves, in part, the TCPA and thus could invoke the federal question jurisdiction of this Court. PMC denies the truth of the remaining allegations contained in Paragraph 6 of the Complaint.

7. PMC admits that venue is proper with this Court. PMC denies the truth of the remaining allegations in Paragraph 7 of the Complaint.

**FACTUAL ALLEGATIONS**

8. PMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies the same.

9. PMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies same, and refers to the TCPA, FCC Rulings, and court decisions for their content, meaning, and effect.

10. PMC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and therefore denies same.

11. PMC denies that it is a foreign limited liability company but admits the remainder of the allegations contained in Paragraph 11 of the Complaint.

12. PMC denies the truth of the allegations in Paragraph 12 of the Complaint.

13. PMC denies the truth of the allegations in Paragraph 13 of the Complaint.

14. PMC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore denies same.

15. PMC denies the allegations contained in Paragraph 15 of the Complaint.

16. PMC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies same.

17. PMC denies the allegations contained in Paragraph 17 of the Complaint.

18. PMC denies the allegations contained in Paragraph 18 of the Complaint.

19. PMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies same.

20. PMC denies the allegations contained in Paragraph 20 of the Complaint.

21. PMC denies the allegations contained in Paragraph 21 of the Complaint.

22. PMC denies the allegations contained in Paragraph 22 of the Complaint.

23. PMC denies the allegations contained in Paragraph 23 of the Complaint.

24. PMC denies the allegations contained in Paragraph 24 of the Complaint.

25. PMC denies the allegations contained in Paragraph 25 of the Complaint.

26. PMC denies the allegations contained in Paragraph 26 of the Complaint.

27. PMC denies the allegations contained in Paragraph 27 of the Complaint.

28. PMC denies the allegations contained in Paragraph 28 of the Complaint.

29. PMC denies the allegations contained in Paragraph 29 of the Complaint.

30. PMC denies the allegations contained in Paragraph 30 of the Complaint.

31. PMC denies the allegations contained in Paragraph 31 of the Complaint.

32. PMC denies the allegations contained in Paragraph 32 of the Complaint.

33. PMC denies the allegations contained in Paragraph 33 of the Complaint.

34. PMC denies the allegations contained in Paragraph 34 of the Complaint.

35. PMC denies the allegations contained in Paragraph 35 of the Complaint.

36. PMC denies the allegations contained in Paragraph 36 of the Complaint.

37. PMC denies the allegations contained in Paragraph 37 of the Complaint.

38. PMC denies the allegations contained in Paragraph 38 of the Complaint.

39. PMC denies the allegations contained in Paragraph 39 of the Complaint.

40. PMC denies the allegations contained in Paragraph 40 of the Complaint.

41. PMC denies the allegations contained in Paragraph 41 of the Complaint.

42. PMC denies the allegations contained in Paragraph 42 of the Complaint.

**COUNT I**
**(Violation of the TCPA)**

43. With respect to Paragraph 43 of the Complaint, PMC incorporates each and every response to Paragraphs 1 through 42 above as if set forth fully herein.

44. PMC denies the allegations contained in Paragraph 44 of the Complaint.

45. PMC denies the allegations contained in Paragraph 45 of the Complaint.

**COUNT II**
**(Violation of the FCCPA)**

46. With respect to Paragraph 46 of the Complaint, PMC incorporates each and every response to Paragraphs 1 through 42 above as if set forth fully herein.

47. PMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and therefore denies same.

48. PMC denies the allegations contained in Paragraph 48 of the Complaint.

49. PMC denies the allegations contained in Paragraph 49 of the Complaint.

50. PMC denies the allegations contained in Paragraph 50 of the Complaint.

51. PMC denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clauses set under either Count I or Count II of the Complaint, including its demand for a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claim(s) under the TCPA is barred because Plaintiff gave prior express consent to contact Plaintiff's cellular telephone regarding Plaintiff's debt to PMC.[1] Pursuant to the Federal Communications Commission's ("FCC") rule making authority, the FCC issued orders providing guidance on interpretation and compliance with its provisions. On January 4, 2008, the FCC adopted its Declaratory Ruling 07-232, in *"In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."* In it, the FCC states, *inter alia*:

> Autodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible as calls made with the "prior express consent" of the called party, and, that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.

And, referring to an earlier Order entered in 1992:

[1] *See Conklin v. Wells Fargo Bank, N.A.*, No. 6:13–cv–1246–Orl–37KRS, 2013 WL 6409731, *3 (M.D. Fla. Dec. 9, 2013) (holding that when a debtor provides cellular number during the **debt** transaction, **debt-collection calls** fall under the consent exception in the cellphone provision); *Jordan v. ER Solutions, Inc.*, 900 F. Supp. 2d 1323, 1327 (S.D. Fla. 2012) (dismissing TCPA claims where plaintiff gave permission to be called when she signed up for services with defendant); *Cavero v. Franklin Collection Serv. Inc.*, 11-22630-CIV, 2012 WL 279448, *4 (S.D. Fla. Jan. 31, 2012) ("Since, as stated, there is no issue of fact as to whether AT&T was Cavero's creditor, and whether Cavero gave AT&T his cell phone number, Cavero provided the consent necessary under the TCPA to be called by Franklin with respect to his debt to AT&T. Cavero cannot prevail on Count I as a matter of law, and the Court therefore grants summary judgment in favor of Franklin on this claim.").

> Persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary.

Plaintiff thus consented to be called for purposes of debt collection.

**SECOND AFFIRMATIVE DEFENSE**

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted because the factual allegations within are incomplete and/or do not state any factual bases to support a claim under the TCPA or the FCCPA against PMC.

**THIRD AFFIRMATIVE DEFENSE**

3. The claims of Plaintiff are barred, in whole or in part, to the extent Plaintiff failed to mitigate damages, and as a result, any judgment for Plaintiff must be reduced by any portion of damages which could have been avoided had appropriate steps been taken.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff lacks standing to assert the alleged claims since Plaintiff did not suffer any concrete, particularized injury.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff has not alleged any plausible facts to establish that PMC has acted intentionally, maliciously, willfully, knowingly, recklessly, negligently, or under a false pretense in any of its alleged conduct, and therefore Plaintiff is barred from recovering treble damages under the TCPA or statutory damages under the FCCPA.

**SIXTH AFFIRMATIVE DEFENSE**

6. PMC complied with all statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by PMC's compliance with all applicable state, federal, and local laws and regulations.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims are barred to the extent that the TCPA, facially and/or as applied in this case, violates PMC's First Amendment right to free speech.

**EIGHTH AFFIRMATIVE DEFENSE**

8. PMC states that to the extent any provision of any applicable statute in connection with the collection of monies owed by Plaintiff was violated, such violation was unintentional, accidental, and as a result of a *bona fide* error which occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff's claims are barred by the doctrine of unclean hands because the claims are related to Plaintiff's own wrongdoing, *i.e.*, the failure to make payment on monies owed, and has filed this suit in bad faith in the hopes of avoiding the obligation owed.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's claims are barred because they arise from acts that were necessary and taken in good faith to collect a legitimate debt.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff's FCCPA claim is moot because PMC offered Plaintiff the full amount of damages to which the Plaintiff claimed entitlement under the FCCPA.

12. On July 19, 2018, PMC tendered via letter and served upon Plaintiff a Rule 68 Offer of Judgment, offering to allow judgment to be entered against it in the amount of One Thousand One Dollars and 00/100 Cents ($1,001.00), an injunction enjoining PMC from calling Plaintiff's cellular telephone in a manner that violates the FCCPA, and including reasonable

attorneys' fees and taxable costs incurred by Plaintiff, representing all damages and equitable relief arising from Plaintiff's FCCPA claim as alleged in Count II of the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

13. PMC asserts that even assuming Plaintiff satisfied the minimum pleading requirements for the claims—which Plaintiff did not—PMC acted in good faith at all times and for legitimate business reasons, without actual knowledge of any violation of federal or Florida law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff's FCCPA claim is barred in part by the statute of limitations because the conduct alleged includes a period of more than two (2) years before the Complaint was filed.

**FOURTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff's claims are barred because Plaintiff never validly revoked the prior express consent to contact Plaintiff about the debt owed to PMC.

**FIFTEENTH AFFIRMATIVE DEFENSE**

16. PMC asserts that to the extent the TCPA was violated as a result of a purported revocation of consent from Plaintiff, Plaintiff's damages, if any, would be limited to the number of purported violations which took place after Plaintiff actually revoked his consent.

**RESERVATION**

PMC reserves the right to amend this Answer up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

**WHEREFORE**, PMC requests that this Court enter judgment against Plaintiff in favor of PMC, dismiss this action with prejudice, and award PMC its reasonable attorneys' fees and

costs incurred in defending this action, and for such other relief as this Court deems just and proper.

Respectfully submitted, this 19th day of July, 2018.

*/s/ Jeffrey A. Backman*
Jeffrey A. Backman, Esq.
Florida Bar No. 662501
jeffrey.backman@gmlaw.com
GREENSPOON MARDER LLP
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
954.491.1120 (Telephone)
954.343.6958 (Facsimile)
*Attorneys for PMC Home & Auto Insurance Agency, LLC d/b/a Protect My Car*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 19, 2018, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send a notice of electronic filing to all counsel of record identified on the attached service list.

By: */s/ Jeffrey A. Backman*

**SERVICE LIST**

Shaughn C. Hill, Esq.
Morgan & Morgan, Tampa P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
(813) 223-5505
SHill@ForThePeople.com
LCrouch@ForThePeople.com